# United States District Court
## Central District Of Illinois

David Ayers, Pro Se

-Against-

Livingston County, Defendant

Sheriff Ryan Bohm, Defendant

Superintdent Lisa Draper, Defendant

Superintdent Sherri Martin, Defendant

Lt. Scott Harmon, Defendant

Sgt. Rod Reed, Defendant

Sgt. Ian Schoop, Defendant

OIC Tony Martin, Defendant

OIC Jacob Summers, Defendant

Ofc. Camson Maron, Defendant

Ofc. Brandy Vance, Defendant

Ofc. Kevin Blair, Defendant

Nurse Nicole Healy, Defendant

Nurse Susanna Lechard, Defendant

Nurse Megan (Doe), Defendant

Nurse Jane Doe (1), Defendant

Nurse Jane Doe (2), Defendant

Doctor Hughes Lochard, Defendant

Turn Key, Defendant

FILED

JAN - 5 2026

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case #
26-1007

## Introduction

This is a circuit Rights Action filed by Plaintiff Ayers, a state pretrial prisoner, for damages and injunctive relief under 42 U.S.C. Section 1983, alleging the denial of medical care in violation of the Eighth Amendment to the United States Constitution. The plaintiff also alleges the torts of Negligence.

## JURISDICTION

(1) The court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional Rights under 42 U.S.C. Section 1331(1) and 1343.

(2) The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. Section 1367.

## PARTIES

(3) The plaintiff was detained at the Livingston County Jail at 844 Lincoln St., Pontiac, IL.

(4) The plaintiff at all times mentioned, a pretrial state detainee.

(5) Defendant Livingston County is responsible for all employees, Contractors, Rules, and Regulations at the Livingston County Jail. This Defendant is being sued in its Official Capacities.

(6) Defendant Bohm is the Sheriff of Livingston County Jail. He is Responsible for the Safety of all inmates at the Jail. He is being sued in his Official and Individual Capacities.

(7) Defendant Draper is the Superintdent of Livingston County Jail. She is responsible for the day to day activities of the jail. She is also responsible to answer step three of the grievance procedure at the Jail. She is being sued in Her Official and Individual Capacities.

(8) Defendant Ms. Martin is the Assistant Superintdent at the Jail. She is responsible for the inmates Safety and Well Being.

She is being sued in her Official and Individual Capacities.

(9) Defendant HARMON is the Lieutenant at the jail. He is responsible to answer Step two of the grievance procedure at the jail. He is being sued in His Official and Individual Capacities.

(10) Defendants Reed and Schoop are Sergeants at the jail. They are responsible to help an inmate that clearly needs medical attention. They are being sued in their Individual Capacities.

(11) Defendants Mr. Martin and Summers are Both Officers in charge at the jail. They Both are responsible to help an inmate that clearly needs medical attention. They are being sued in their Individual Capacities.

(12) Defendants Maron, Vance, Blair are officers at the jail. They are responsible to render medical when needed to an inmate. They are being sued in their Individual Capacities.

(13) Defendant Legnerp is the nurse at the jail. She claims she is the eyes and ears of the Doctor. She is responsibb to see an inmate with a medical need and then report her findings to the doctor. She is being sued In her official and individual Capacities.

(14) Defendants Healy, Megan (Unknown), Doe 1 and Doe 2 are NURSES AT THE JAIL. THEY ARE responsible TO SEE AND TREAT INMATES AT THE JAIL THAT HAVE A MEDICAL NEED. THEY ARE BEING SUED IN THEIR INDIVIDUAL CAPACITIES.

(15) Defendant LOCHARD is the Doctor AT THE JAIL. HE Is responsible FOR the medical CARE OF INMATES AT THE JAIL. HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

(16) DEFENDANT Turn Key is THE COMPANY THAT PROVIDES MEDICAL STAFF AT THE JAIL. THEY ARE RESPONSIBLE FOR THE ACTIONS OF THEIR EMPLOYEES AT THE JAIL. THIS DEFENDANT IS BEING SUED IN ITS OFFICIAL AND INDIVIDUAL CAPACITIES.

# FACTS

(17) On 10/14/2025 the plaintiff was "suspected" of diverting his medication by defendants Legnerp and Vance.

(18) Defendants Legnerp and Lochard decided to stop giving defendant his medication.

(19) On 10/24/25 the plaintiff was given his last dose of Suboxone.

(20) On 10/22/25, 10/26/25, and 10/27/25 the plaintiff filed sick calls because of severe withdrawals.

(21) The plaintiff has asked defendants Reed, Schoof, Mr. Martin, Summers, Maron, Vance, Blair, Draper, Harmon, and all the nursing staff at the jail for help with the severe withdrawals the plaintiff was suffering from.

(22) Defendant Lochard ordered medication for the plaintiff but because of no explanation of what plaintiff was taking and the eventual side effects of them, plaintiff regurequly refused all but hydroxyzene.

(23) On or about 11/6/25 Plaintiff was denied any and all medications to help''with his severe withdrawals from then forward.

## Denial Of Medical Care

(24) At all times relevant to this case, Plaintiff Ayers was an inmate (pretrial) at the Livingston County Jail, 844 W. Lincoln St. Pontiac, IL.

(25) All defendants failed to provide the Plaintiff with adequate medical care since 10/24/25 in violation of his rights under the 8th Amendment to the United States Constitution.

(26) On 10/24/2025 the Plaintiff was given the last dose of Suboxone. The Plaintiff had been on this medication for over a year before coming to Jail.

(27) Since 10/22/25 the Plaintiff has submitted repeated sick calls, Requests, and has filed grievances and appeals asking for help.

(28) Since 10/24/2025 has asked all jail staff and defendants Reed, Schoop,

MR. MARTIN, SUMMERS, MARON, VANCE, BLAIR, DRAPER, HARMON, AND NURSES FOR HELP MEDICALLY. ALL WAS IGNORED.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

(29) THE PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ALL CLAIMS AND ALL DEFENDANTS.

## LEGAL CLAIMS

(30) DEFENDANTS REED, SCHOOP, MR. MARTIN, SUMMERS, MARON, VANCE, AND BLAIR By disregarding the plaintiffs signs And in person requests for MEDICAL ATTENTION FOR THE SEVERE WITHDRAWALS, THE DEFENDANTS ACTIONS VIOLATED THE PLAINTIFFS RIGHTS UNDER THE 8th AMENDMENT OF THE UNITED STATES CONSTITUTION AND CAUSED THE PLAINTIFF PAIN, SUFFERING, PHYSICAL INJURY, AND EMOTIONAL DISTRESS.

(31) DEFENDANTS TURN KEY, LOCHARD, LEGNERP, Healy, Megan (DOE), JANE DOE 1, AND JANE DOE 2 by DISREGARDING THE PLAINTIFFS, SICK CALLS, IN PERSON requests,

FOR MEDICAL ATTENTION FOR THE SEVERE ~~WITHA~~ WITHDRAWALS, THE DEFENDANTS ACTIONS violated the plaintiffs rights under the 8th amendment of the United States Constitution and caused the plaintiff pain, suffering, physical injury, and emotional distress.

(32) Defendants Harmon, Ms. Martin, Draper, Bohm, and Livingston County by disregarding the plaintiffs grievances, appeals, or making policy for the jail to disregard the plaintiff requests for medical attention for the severe withdrawls, the defendants actions violated the plaintiffs rights under the 8th amendment of the United States Constitution and caused the plaintiff pain, suffering, physical injury, and emotional distress.

(33) Lancaster Vs. Monroe County, Ala. 116 F3d 1419, 1426 (11th Cir 1999) says "a jail official who is aware of but ignores the dangers of acute withdrawals and waits for a manifest emergency before obtaining medical care is deliberatly indifferent to the Inmates Constitutional Rights."

(34) Foelker Vs. Outgame County 394 F3d 510, 513 (7th Cir 2005) Our Court says "Evidence of knowing failure to treat drug withdrawls support a deliberate indifference claim."

(35) Palmigiano V. Garrahy 443 F. Supp 996, 989 (D.R.I 1977) States that the "Constitution requires treatment other than "abrupt denial or 'cold turkey.'"

## CLAIMS FOR RELIEF

(36) THE ACTIONS OF ALL DEFENDANTS TO PROVIDE THE PLAINTIFF WITH ADEQUATE MEDICAL CARE TO TREAT THE PLAINTIFFS CLEAR AND SEVERE WITHDRAWALS CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFFS SERIOUS MEDICAL NEEDS IN VIOLATION OF THE 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## RELIEF REQUESTED

PLAINTIFF AYERS HAS NO PLAIN, ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN,

THE PLAINTIFF HAS BEEN IRREPARBLY HARMED BY THE CONDUCT OF ALL THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLATORY AND MONETARY RELIEF THE PLAINTIFF SEEKS.

WHEREFORE, THE PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT GRANT THE FOLLOWING RELIEF.

(A) GRANT THE PLAINTIFF A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED THE PLAINTIFFS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES. AND

(B) GRANT THE PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $80,000.00 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY. AND

(C) GRANT THE PLAINTIFF NOMINAL AND PUNITIVE DAMAGES IN THE AMOUNT OF $20,000.00 THE PLAINTIFF SEEKS THESE DAMAGES AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY. AND

(D) THE PLAINTIFF SEEKS THE RECOVERY OF ALL COSTS IN BRINGING THIS SUIT. AND

(E) THE PLAINTIFF SEEKS ADDITIONAL RELIEF THAT THIS COURT DEEM JUST, PROPER, AND EQUITABLE. AND

(F) THE PLAINTIFF SEEKS A JURY TRIAL ON ALL OF THE ISSUES TRIABLE BY JURY.

RESPECTFULLY SUBMITTED David A. Ayers

DATE: 12/15/2025

DAVID A. AYERS
844 LINCOLN ST.
PONTIAC, IL 61764

DAVID AYERS 22398
LIVINGSTON COUNTY JAIL
844 W. LINCOLN ST.
PONTIAC, IL 61764

LEGAL

U.S. DISTRICT COURT
100 N.E. MONROE ST.
PEORIA, IL 61602

61602-109799

LEGAL