E-FILED
Monday, 18 May, 2026  10:53:03 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAVID AYERS,                                    )
                                               )
                          Plaintiff,           )
                                               )
v.                                             )          1:26-cv-01007-MMM
                                               )
RYAN BOHM, et al.,                             )
                                               )
                          Defendants.          )

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Jacksonville Correctional Center, alleges Defendants violated his constitutional rights while he was a pretrial detainee at the Livingston County Jail. He also seeks to pursue state law negligence claims.

The case is now before the Court for a merit review of the Complaint. Doc. 1.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Allegations

Plaintiff names as Defendants Sheriff Ryan Bohm, Livingston County, Superintendents Lisa Draper and Sherri Martin, Lt. Scott Harmon, Sgt. Rod Reed, Sgt. Ian Schoop, OIC Tony Martin, OIC Jacob Summers, Officer Camson Maron, Officer Brandy Vance, Officer Kevin Blair, Nurse Nicole Healy, Nurse Susanna Legnerp, Nurse Megan, Nurses Doe 1 and 2, Dr. Hughes Lochard, and Turn Key.

On October 14, 2025, Legnerp and Vance suspected Plaintiff of diverting his medications. They decided to stop giving him his medications. On October 24, 2025, Plaintiff received his last dose of Suboxone, which he had been on for over a year before going to jail. Defendant Dr. Hughes Lochard ordered medication for Plaintiff but Plaintiff refused all but Hydroxyzene. Plaintiff experienced severe withdrawals and filed sick call requests on October 22, 26, and 27. Plaintiff asked Defendants for help regarding the severe withdrawals but was ignored. From November 6, 2025, forward, Plaintiff was denied all medications to ease his withdrawal symptoms.

Medical Care Standard

The Fourteenth Amendment requires objectively reasonable medical care for detainees. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending objectively unreasonable standard to detainee's claims about conditions of confinement, including medical care). The question is whether a reasonable officer, situated as the defendant under consideration was

situated, acted in an objectively reasonable way in taking, or failing to take, certain intentional actions in response to the detainee's medical need. *See Echols v. Johnson*, 105 F.4th 973, 978 (7th Cir. 2024), *reh'g denied,* 2024 WL 3992502 (7th Cir. Aug. 29, 2024); *Davis v. Rook*, 107 F.4th 777, 780 (7th Cir. 2024).

Application

Plaintiff's allegations do not state a claim.

He alleges a ten day period from when he was suspected of diverting his medications, which included Suboxone, an opioid medication, until he took his last dose. He had no constitutional right to demand any specific form of medication, provided he was receiving appropriate medical care. *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015). Dr. Hughes Lochard prescribed alternative medications, all but one of which Plaintiff refused. As he was under the care of Dr. Lochard the balance of the Defendants were entitled to defer to the care of the highest-level medical professional unless the physician's care was clearly inappropriate. *McCann v. Ogle County*, 909 F.3d 881, 888 (7th Cir. 2018) (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (underscoring that the law "encourages non-medical security and administrative personnel . . . to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so").

**IT IS THEREFORE ORDERED:**

**1.      Plaintiff's Motion for Extension of Time to Move to Proceed in Forma Pauperis [5] is moot.**

**2.      Plaintiff does not state a federal claim for relief. He alleges voluntary noncompliance with physician's orders. To the extent he seeks to pursue state law**

**claims his allegations are dismissed without prejudice, since such claims cannot proceed in this Court without an underlying federal law claim. Plaintiff has 28 days to file an amended complaint if he believes he can state a claim. If he does not do so the case will be dismissed without prejudice for failure to state a claim.**

Entered this 18th day of May, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE